## Case No. 5,474.

### In re GLASER.

[2 Ben. 180;[1] 1 Am. Law T. Rep. Bankr. 57. 1 N. B. R. 336 (Quarto, 73); 15 Pittsb. Leg. J. 265.]

District Court, S. D. New York.    March, 1868.

ARREST OF BANKRUPT — PROTECTION — POWER OF THE COURT — GENERAL ORDER No. 27 — HABEAS CORPUS.

1. The "protection" spoken of in the fourth section of the bankruptcy act [of 1867 (14 Stat. 519)] means protection to the bankrupt from being arrested in cases where he is not liable to arrest, under the twenty-sixth section.

2. The provisions of general order No. 27, so far as they authorize the discharge, from arrest or imprisonment, of a bankrupt arrested on process founded on a claim provable in bankruptcy, where that claim is one from which his discharge in bankruptcy will not release him, are not warranted by the twenty-sixth section of the act.

1 [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

3. The granting of such protection is an act done "under and in virtue of the bankruptcy." So, also, is the enforcing of such protection.

4. The district court has jurisdiction, therefore, under the first section of the act, to enforce such protection.

[Cited in Re Carow, Case No. 2,426; Re Brinkman, Id. 1,884.]

5. The court also has power, if a bankrupt is arrested in violation of the twenty-sixth section of the act, to release him from imprisonment, by habeas corpus, under the act of February 5, 1867 (14 Stat. 385).

[Cited in Re Ghirardelli, Case No. 5,376; Ex parte Schulenburg, 25 Fed. 212.]

6. Where a bankrupt was arrested in an action in a state court on allegations of fraud in contracting the debt to recover which the action was brought, and gave bail, and applied to this court, on affidavits denying the allegations of fraud, for an order discharging him from arrest, and discharging the bail: *Held*, that the court was competent to give him the relief sought, provided his arrest was founded on a debt from which his discharge in bankruptcy would release him.

[Cited in Re Alsberg, Case No. 261; Re Smith, Id. 12,976.]

7. The court must inquire into that question of fact, and decide it on this application.[2]

[Cited in Re Devoe, Case No. 3,843; Re Wright, Id. 18,065.]

In this case, the bankrupt [Louis Glaser] filed his voluntary petition in bankruptcy on the 13th of January, 1868. Among the debts set forth in his petition was one to Townsend & Yale, of $451.20, for merchandise sold by them to him. On the 5th of February, 1868, Townsend & Yale commenced a suit against him in the superior court of the city of New York, to recover the debt. The complaint in the suit was founded solely on a sale and delivery of goods to the amount of the debt. On the same day the bankrupt was arrested by the sheriff of the city and county of New York, on an order of arrest granted by the state court on the 4th of February, 1868, which required him to be held to bail in $650. The ground of arrest, set forth in the affidavit on which the order of arrest was granted, was that the bankrupt was guilty of a fraud in contracting the debt, and the circumstances alleged to constitute the fraud were set forth in the affidavit. The bankrupt now showed to this court, by affidavit, that, on the 15th of January, 1868, he was adjudicated a bankrupt, and received from the register a certificate of protection; that, on his arrest, he gave to the sheriff the bail required; that all the allegations of fraud contained in the affidavit on which the order of arrest was granted were untrue; and that the debt to Townsend & Yale was one provable in bankruptcy, and one from which a discharge in bankruptcy would release him. He therefore

---

2 In the Case of Kimball [Case No. 7,768], decided in November, 1868, this court modified these views, and held that, if the arrest in the state court appeared, on the face of the papers, to be founded on a debt from which a discharge in bankruptcy would not release the debtor, the bankruptcy court was concluded, and would not inquire into the question whether the allegations in such papers were true or not.

applied to this court for an order discharging him from arrest, and discharging the bail which he had given. The application was founded on the last clause of the twenty-sixth section of the bankruptcy act, which provides that "no bankrupt shall be liable to arrest during the pendency of the proceedings in bankruptcy, in any civil action, unless the same is founded upon some debt or claim from which his discharge in bankruptcy would not release him." The creditors in this case had not proved their debt in the bankruptcy proceedings, and they raised an objection to the jurisdiction of this court to grant the relief asked by the bankrupt, on the ground that no power was conferred on this court, by the bankruptcy act, to enforce the protection from arrest given by the twenty-sixth section, even though it should find that the bankrupt was arrested after the commencement of the proceedings in bankruptcy, and that his arrest was founded on a debt from which his discharge in bankruptcy would release him. The point taken was, that the circuit court for this district was the proper court to administer the relief sought, and not the district court; and that, under the second section of the act, the circuit court had "a general superintendence and jurisdiction of all cases and questions arising" under the act, and, therefore, of this question, which arose under the twenty-sixth section, and could, on the application of the "party aggrieved, hear and determine the case." It was urged that the jurisdiction invoked by the bankrupt on this application was not within the special grants of jurisdiction given by the first section of the act to the district court; that this was not a case or a controversy arising between the bankrupt and a creditor who claimed a debt or demand under the bankruptcy; that it did not concern the collection of the assets of the bankrupt; that it did not concern the ascertainment or liquidation of any lien or other specific claim on any of such assets; that it did not concern the adjustment of any priority or conflicting interest, in the sense in which that language was used in the first section; that it did not concern the marshalling or disposition of any of the funds or assets of the bankrupt; and that it did not concern any act, matter, or thing to be done by this court under or in virtue of the bankruptcy, within the meaning of that language in the first section.

Henry Morrison, for bankrupt.
John J. Townsend, for creditors.

BLATCHFORD, District Judge. The first clause of the first section of the bankruptcy act gives to the district court original jurisdiction in this district in all matters and proceedings in bankruptcy, and authorizes it to hear and adjudicate upon the same according to the provisions of the act; and that general grant of jurisdiction is followed by a special grant, extending such jurisdiction "to all acts, matters, and things to be done under and in virtue of the bankruptcy, until the final distribution and settlement of the estate of the bankrupt, and the close of the proceedings in bankruptcy." Registers are, by section 3, to be appointed, "to assist the judge of the district court in the performance of his duties" under the act. By section 4, power is given to every register, and it is made his duty, "to grant protection." This undoubtedly means protection to the bankrupt from being arrested in cases where he is not liable to arrest—protection from arrests, to which, by the twenty-sixth section, he is not liable. The justices of the supreme court have so construed it, for not only have they, by general order No. 5, defined one of the powers of a register to be to grant protection on the surrender of a bankrupt, but they have, by general order No. 4, provided that a bankrupt "may receive from the register a protection against arrest, to continue until the final adjudication on his application for a discharge, unless suspended or vacated by order of the court." So also they have, by general order No. 27, provided that, if a bankrupt is "committed after the filing of his petition, upon process in any civil action founded upon a claim provable in bankruptcy, the court" (meaning the court in which his petition is filed) may, upon his application, "discharge him from such imprisonment"; and that, "if the petitioner, during the pendency of the proceedings in bankruptcy, be arrested or imprisoned upon process in any civil action, the district court, upon his application, may issue a writ of habeas corpus to bring him before the court, to ascertain whether such process has been issued for the collection of any claim provable in bankruptcy, and, if so provable, he shall be discharged, if not, he shall be remanded to the custody in which he may lawfully be." These provisions of general order No. 27, so far as they authorize the discharge from arrest or imprisonment of a bankrupt arrested on process founded on a claim provable in bankruptcy, where the claim is one from which his discharge in bankruptcy will not release him, are not warranted by the twenty-sixth section of the act. By the tenth section of the act, the justices of the supreme court are required, subject to the provisions of the act, to frame general orders for carrying the provisions of the act into effect, but they are not authorized to extend the exemption of a bankrupt from arrest beyond the limits prescribed by the twenty sixth section of the act. By the thirty-third section of the act, a debt which cannot be discharged is yet made provable. By the twenty-sixth section, though a debt is provable, it may, if not dischargeable, be the foundation of an arrest. The twenty-seventh general order goes beyond the act, by making exemption from arrest coextensive with the provability of a debt. But the

twenty-seventh general order, in so far as it is consistent with the act. and in so far as it applies to debts or claims which will be released by a discharge in bankruptcy, is a clear indication that the justices of the supreme court understand the act as giving to the district court power to enforce the exemption from arrest to which a bankrupt is entitled under the act. The twenty-sixth section confers such exemption. One of the means prescribed by the act for securing it, is a protection against arrest, as a muniment or safeguard. The giving of this protection by the court or a register is an act done "under and in virtue of the bankruptcy." The enforcing such ·exemption from arrest, when a bankrupt is entitled to it by section 26, whether a protection has been granted or not, and whether a protection granted has been violated or not, is an act done "under and in virtue of the bankruptcy." The exemption from arrest is conferred by section 26, because the party is adjudged a bankrupt by the district court: and the enforcing of such exemption by affirmative action is clearly an act "to be done under and in virtue of the bankruptcy." Being such, the jurisdiction of the district court in which the bankruptcy proceedings are pending, clearly extends, under the first section of the act, to the doing of this act by any appropriate method. Where the bankrupt is not in close custody, a habeas corpus may not be necessary. A simple order may suffice to give the requisite relief. The order will be an order in bankruptcy, and, by the first section of the act, full authority is given to the court to compel obedience to all orders and decrees passed by it in bankruptcy, "by process of contempt and other remedial process." In some cases, a habeas corpus may be necessary, and such a remedy is contemplated by one provision in general order No. 27. Irrespective of that provision, if a bankrupt is arrested in violation of the twenty-sixth section of the act, and is thus restrained of his liberty in violation of a law of the United States, this court, or the judge thereof, has power, under the act of February 5, 1867, entitled "An act to amend 'An act to establish the judicial courts of the United States,' approved September twenty-fourth, seventeen hundred and eighty-nine" (14 Stat. 335), to issue a writ of habeas corpus and release him from his imprisonment. It follows, therefore, that this court is competent to grant to the bankrupt in this case the relief sought by him, provided his arrest was founded on a debt from which his discharge in bankruptcy would release him. This court must necessarily inquire into that question, and decide it for itself on this application. It is a disputed question of fact, which cannot be decided on ex parte affidavits, whether the debt in this case was contracted by the fraud of the bankrupt, and is, therefore, one from which his discharge in bankruptcy would not release him. If the bankrupt desires it, a reference will be ordered. under section 38 of the act, to take testimony on the question, and the application will be heard and decided on the testimony so taken.

[See Case No. 5,475.]